**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| | § | |
| **v.** | § | Criminal No. A-26-cr-00478-ABD |
| | § | |
| **WILBER RAFAEL GARCES-PEREZ** | § | |
| | § | |

**UNOPPOSED MOTION FOR DISCOVERY PROTECTIVE ORDER**

The United States of America, by and through undersigned Assistant United States Attorney for the Western District of Texas, hereby files this motion for entry of the proposed Discovery Protective Order, attached hereto, and would show the Court as follows:

1. On October 20, 2026, Defendant WILBER RAFAEL GARCES-PEREZ was indicted for violations of 18 U.S.C. § 111(a)(1) & (b), Assaulting, Resisting, and Impeding a Federal Officer. Defendant is currently in custody pending trial.

2. Pursuant to Fed. R. Crim. P. 16(d), the United States moves for the entry of the attached protective order ("Discovery Protective Order") regarding the discovery materials provided and otherwise made available to Defendant by the United States in this case. The Discovery Protective Order will allow the Government to fulfill its discovery obligations, while also: (1) protecting the integrity of an ongoing criminal investigation; (2) protecting the rights of third parties; (3) protecting witnesses from any harm or improper influence; (4) preserving the integrity of each witness's testimony; (5) preserving the integrity of the evidence; and (6) ensuring that any potential future trial jury is not tainted by the public dissemination of evidence. The discovery materials contain sensitive information pertaining to an ongoing criminal investigation and may be unredacted, partially redacted, or fully redacted. These materials may include, but are

not limited to, law enforcement reports, email correspondence, text message and chat threads, business records, statements by a defendant, witness statements, video evidence, multiple cell phone extractions, and expert witness reports. Redaction of all potentially sensitive information in these productions would be unduly burdensome and would be prone to error given that sensitive materials in the discovery include multimedia evidence that is difficult to redact effectively.

3. Counsel for Defendant GARCES-PEREZ, Worth Carroll, has reviewed this motion and the proposed Discovery Protective Order and stated he has no objection to them.

WHEREFORE, PREMISES CONSIDERED, the United States respectfully requests that the Court grant this Motion and issue the proposed Discovery Protective Order.

Respectfully submitted,

JUSTIN R. SIMMONS
United States Attorney

By: Britni Verdeja
BRITNI VERDEJA
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on October 29, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following, and, further, because this document is being filed under seal, I certify that that I have provided a copy of the document to the following, in accordance with the provisions of Fed. R. Crim. P. 49:

Worth Carroll

David Gonzalez

Derek Wikstrom

*Attorneys for Defendant*

Britni Verdeja
BRITNI VERDEJA
Assistant United States Attorney

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| | § | |
| **v.** | § | Criminal No. A-26-cr-00478-ABD |
| | § | |
| **WILBER RAFAEL GARCES-PEREZ** | § | |
| | § | |

# DISCOVERY PROTECTIVE ORDER

Considering the United States' Unopposed Motion for Discovery Protective Order and noting that Defendant WILBER RAFAEL GARCES-PEREZ and his counsel have no objection to said motion and proposed Order, and being fully advised in this matter, the Court GRANTS the United States' Motion. Accordingly,

**IT IS ORDERED** that:

1. This Discovery Protective Order applies to all Discovery Materials provided by the United States Attorney's Office for the Western District of Texas ("Government" or "United States"), before or after the date of this Order, to Defendant and/or Defendant's counsel in compliance with the Government's discovery obligations under federal law, and all information contained in the discovery materials (collectively referred to as "discovery materials"), in any format (written, electronic, or digital).

## General Provisions

2. The United States will make available copies of discovery materials, including those filed under seal, to Defense Counsel to comply with the Government's discovery obligations. Discovery Materials may be used by Defendant and the Defense Team solely for the purpose of allowing Defendant to prepare his defense.

## Definitions

3. “**Discovery Materials**” means anything and everything the Government provides to Defense Counsel in discovery in this criminal case or during the investigation that led to this criminal case, or any further ongoing investigation surrounding this matter including, but not limited to: (1) records, documents, files, information, and items of any kind, in any format (written, electronic, or digital); (2) any and all information contained in those materials; and (3) all records, documents, and information required to be furnished to Defendant under Rule 16 of the Federal Rules of Criminal Procedure and any other federal law, regulation, or rule requiring disclosure, e.g., 18 U.S.C. § 3500 (the Jencks Act), *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), including documents filed with a court under seal (e.g., search warrants).

4. “**Defense Counsel**” means counsel of record for a Defendant in this criminal case (hereafter Defense Counsel’s “client”) and their co-counsel, individually and collectively. Any counsel of record whose representation of a Defendant is terminated shall remain bound by the terms of this Order.

5. “**Defense Team**” means Defense Counsel and professionals assisting Defense Counsel with the defense of their client/defendant in this criminal case, including but not limited to employees of Defense Counsel and Defense Counsel’s law practice, investigators, consultants, experts, paralegals, legal assistants, lawyers, contractors, and information technology specialists.

6. **To “disclose” Discovery Material** is to reveal or display it, or to describe or communicate its contents. Disclosing Discovery Material includes providing copies of Discovery Material as defined below.

7. **To "provide copies of" Discovery Material** is to deliver or transfer the original or a duplicate of all or a part of any Discovery Material.

**Prohibitions**

8. Defendant, the Defense Team, and any authorized recipient of Discovery Materials shall not duplicate nor disclose or disseminate Discovery Materials to any other person or entity except:

a. to the Defense Team, solely for defense-related purposes;

b. to experts, consultants, or contractors retained to assist in the preparation of the defense, solely for defense-related purposes;

c. to potential witnesses, (including potential expert witnesses), investigators, consultants, or advisers who are engaged by Defendant or on his behalf in connection with this case, provided that beforehand such persons are advised of this Protective Order;

d. Counsel for potential witnesses (when such individuals are represented by counsel) in connection with interviews or other communications by Defense Counsel in the course of investigating or defending the case provided that beforehand such counsel are advised of this Protective Order;

e. by order of this Court;

f. in a criminal judicial proceeding arising out of this investigation, consistent with applicable rules and law, and only under seal unless otherwise authorized by the Court; or

g. with the express consent or agreement of the United States Attorney's Office (USAO), which, in connection with such consent or agreement, may consult with the agency or agencies from which the Discovery Materials originated.

**Handling and Return of Discovery Material**

9. Disclosure to any authorized person or entity shall be subject to the non-disclosure provisions of this Discovery Protective Order.

10. Upon disclosure or dissemination of Discovery Materials to an authorized recipient, Defendant and/or Defense Counsel will cause the recipient to be informed of the requirements to maintain the confidentiality of the Discovery Materials; to not disclose or disseminate the Discovery Materials to any other person or entity; and to return all Discovery Materials to Defense Counsel no later than the date of plea, verdict, or sentencing, whichever is later. The recipient may be provided with a copy of this Discovery Protective Order. Defendant and Defense Counsel are responsible for ensuring that Discovery Materials they disclose to authorized third parties are not further disclosed or disseminated in violation of the Discovery Protective Order. Disclosure of Discovery Materials by Defendant or Defense Counsel to an authorized third party should be as minimal as possible and limited to only those materials relevant and necessary to the authorized third party's role in the defense.

11. Defendant and authorized third parties may review Discovery Materials preferably with or in the presence of Defense Counsel and/or the Defense Team, subject to the following:

a. **Defendant** and **authorized third parties (other than the Defense Team)** may not possess, keep, or maintain any Discovery Materials or information contained therein, in any format whatsoever, including any notes or summaries, *except*

(1) written or recorded statements made by Defendant,

(2) materials pertaining personally and solely to Defendant (e.g., records of Defendant's financial accounts, credit reports, phone accounts, criminal history and convictions, etc),

(3) publicly filed court documents pertaining to Defendant (but not any sealed exhibits thereto that constitute, or contain information from, the Discovery Materials),

(4) sealed or non-public court or court-related documents pertaining solely to Defendant (e.g., bail reports, presentence investigation reports, etc.),

(5) as to Defendant, all other discovery material not included in (1) through (4), except that Defendant shall only be permitted to review such material in the courthouse itself, or facilities approved by the detention center detained at for this purpose, on detention center-approved computers,

(6) as expressly agreed to by the Government, or

(7) as ordered by this Court.

b. **The Defense Team** may possess, retain, and maintain Discovery Materials for defense-related purposes only, in compliance with this Discovery Protective Order**.**

c. No Discovery Materials may be disclosed to unauthorized persons or entities absent the consent of the Government or an order of this Court. To that end, Defendant, Defense Counsel, and authorized third-party recipients shall take all necessary and reasonable measures to safeguard Discovery Materials. Examples of prohibited disclosure include, but are not limited to: (1) disclosure to any family member, friend, or acquaintance of Defendant, unless pursuant to Section 8(c) of this Discovery Protective Order; or (2) posting or disseminating any materials online, including via social media or any online platform.

12. If Defense Counsel desires to disclose any Discovery Materials and information, or make available or communicate the content of such materials, to any person or entity other than authorized by this Order, counsel must advise the attorney for the United States in advance and seek to reach an informal resolution of or agreement on the matter. If a resolution or agreement is

reached, the parties may proceed consistent with such resolution or agreement without notifying the Court. If an agreement cannot be reached, Defense Counsel may apply to the Court for appropriate relief from, or modification of, the Discovery Protective Order.

13. The provisions of this Protective Order shall not be construed as preventing the disclosure of any information in any conference, hearing, motion, trial, or sentencing proceeding held in this case.

14. If Defendant, the Defense Team, or authorized third-party recipients to whom Defendant or Defendant's counsel discloses Discovery Materials violates any provision of this Order, such person or persons may be held in contempt of court and/or may be subject to monetary or other sanctions as deemed appropriate by this Court. Further, Defense Counsel shall inform Defendant that if Defendant violates any term or condition of this Order, the Court may consider such conduct at Defendant's sentencing, should Defendant be convicted of any charged offense, to include denying any applicable guideline decrease/reduction(s) (e.g., acceptance of responsibility, if applicable) and/or imposing any applicable guideline increase/enhancement(s) relevant to Defendant's conduct (e.g., obstruction of justice). Defendant and any person violating this Order may also be subject to prosecution for any criminal charges relating to, or arising out of, such violation(s).

15. Defense Counsel shall promptly return all copies of discovery to the United States Attorney's Office (a) within 30 days of the completion of the case before this Court or, (b) if an appeal is taken, within 30 days of the completion of the case in the United States Court of Appeals for the Fifth Circuit or the Supreme Court of the United States, or (c) as otherwise agreed to by the parties. Defendant and Defense Counsel, however, may retain Discovery Materials described in paragraphs 4(a)(1) through (a)(4), above, and any other Discovery Materials agreed to by the

parties and/or ordered by the Court. Defense Counsel shall be responsible for collecting and returning any Discovery Materials disclosed by, or at the direction of, Defendant or the Defense Team to authorized third parties.

16. Nothing in this order shall be construed as imposing any discovery obligations on the Government or Defendant that are different from those imposed by Rule 16 of the Federal Rules of Criminal Procedure, the Local Criminal Rules, and/or relevant case law.

17. The terms of this Protective Order shall not apply to documents or information obtained by Defendant from a source other than the Discovery Materials. To the extent that the Government's discovery contains documents that are also publicly or otherwise available (without fault of Defendant or the Defense Team), nothing in this Order shall restrict the use of such documents.

18. The provisions of this Order shall survive the final termination of this action.

**SIGNED** on this ________ day of ___________________________, 2026.

___________________________________
ANDREW B. DAVIS
UNITED STATES DISTRICT JUDGE